# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY ROARK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-18-1158-SLP |
| ANDREW SAUL, Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, Larry Roark, seeks judicial review of the Social Security Administration's denial of disability insurance benefits (DIB) and supplemental security income (SSI). This matter has been referred by United States District Judge Scott L. Palk for proposed findings and recommendations. *See* 28 U.S.C. §§ 636(b)(1)(B), 636(b)(3). The Commissioner filed the Administrative Record (AR), [Doc. No. 12], and both parties briefed their respective positions.[1] For the reasons set forth below, it is recommended that the Commissioner's decision be affirmed.

## I. Procedural Background

On October 5, 2015, Plaintiff protectively filed applications for DIB and SSI. *See* AR 237. The Social Security Administration denied the application initially and on reconsideration. AR 342-343, 370-371. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated October 25, 2017. AR 234-254. The Appeals Council denied Plaintiff's request for review. AR 1-7. Thus, the decision of the ALJ became the final decision of

---

[1] Citations to the parties' submissions reference the Court's CM/ECF pagination.

the Commissioner. *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff seeks judicial review of this final agency decision.

**II.     The ALJ's Decision**

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluation process); *see also* 20 C.F.R. §§ 404.1520, 416.920. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since July 24, 2015, the amended alleged onset date. AR 240.

At step two, the ALJ determined Plaintiff suffers from the following severe impairments: arthralgia; epicondylitis; corrected visual acuity of 20/30 on the right, 25/50 on the left, and 20/40 bilaterally; depressive disorder; and anxiety disorder. *Id.*[2] At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 240-242.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [S]ince July 24, 2015, the amended alleged onset date, the hypothetical individual has the residual functional capacity to perform the full range of work at the light exertional level, as defined in 20 CFR 404.1567(b) and 416.967(b), with the following limitations: this hypothetical individual can perform simple and some complex tasks with little complex independent planning with regular supervision; this individual can adapt to the workplace, relate to workers on a superficial basis but should have no interaction with the general public. The individual described must avoid no more than occasional exposure to pulmonary irritants; can perform tasks not requiring the reading of fine print, considered to be below a 10-point font.

---

[2] The ALJ also found Plaintiff had the non-severe impairments of pneumonia and hypertension. *Id.*

2

AR 242-247. The ALJ then found Plaintiff could not perform any past relevant work. AR 247. Relying on the testimony of a vocational expert, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform—housekeeper/cleaner, public area attendant, and laundry sorter. AR 248. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 249.

### III. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

### IV. Claim Presented for Judicial Review

Plaintiff contends the ALJ did not properly consider limitations related to his arthralgia and epicondylitis when determining the RFC. The Court, however, finds the ALJ properly considered

evidence relevant to the conditions and did not err in formulating the RFC. As a result, the Court recommends that the ALJ's decision be affirmed.

V.  **Analysis**

"The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, 1996 WL 374184, at *3 (July 2, 1996). It "considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id*. at *1. In determining the RFC, the ALJ considers the "relevant and other evidence" in the case record as well as "the individua's symptoms," including "the extent to which the individual's impairment-related symptoms are consistent with the evidence in the record." SSR 16-3p, 2017 WL 5180304, at *12. Plaintiff contends the ALJ did not include limitations in the RFC relating to his severe impairments of arthralgia and epicondylitis.[3] Pl.'s Br. 3-7.

A.  **The ALJ's Consideration of the Record**

When determining the RFC, the ALJ stated she considered all of the evidence and the combined effects of Plaintiff's medically determinable impairments. AR 242. The ALJ engaged in a detailed discussion of the record—including references to Plaintiff's elbows, arms, and other joints. AR 242-247. The ALJ addressed Plaintiff's testimony at the hearing, including references to knee problems, severe pain in his elbows, the use of wrist braces, and difficulty in using his

---

[3] Arthralgia is a medical condition meaning "pain in a joint." *Wilkins-Scott v. Berryhill*, No. 16-1123-SAC, 2017 WL 1197650, at *2, n.2 (D. Kan. Mar. 31, 2017) (*citing* Webster's New World Medical Dictionary, 3rd ed. (2008 at 30)). Epicondylitis is commonly known as "tennis elbow" or "golfer's elbow." *See Caterpillar Logistics, Inc. v. Perez*, 737 F.3d 1117, 1118 (7th Cir. 2013) ("Epicondylitis is an inflammation of one or more tendons near the elbow. Epicondylitis of the outer elbow is known colloquially as tennis elbow and epicondylitis of the inner elbow as golfer's elbow . . . .").

hands and grasping. AR 243. The ALJ also noted that Plaintiff advised he has pain if he lifts over a gallon of milk and that Plaintiff limited his activities due in part to pain. *Id.* The ALJ further stated that Plaintiff did strenuous activities—cleaning out goldfish ponds, moving refrigerators, and riding a Sea-Doo watercraft on the lake. AR 246. Further, the ALJ noted that Plaintiff acknowledged he does not wear his wrist braces. AR 244.

The ALJ also addressed the medical records, including those related to the parts of the body effected by arthralgia and epicondylitis. The ALJ discussed Plaintiff's visit to Dr. Matthew Haag, M.D., during which Plaintiff reported that his "hands and elbows felt better since he stopped doing strenuous work." AR 244. The ALJ also referenced Plaintiff's visit to OU Medical Center in November 2014 due to bilateral elbow pain, where Plaintiff was diagnosed with epicondylitis and he was instructed to modify his activity and was provided with wrist splints. *Id.* The ALJ also discussed Plaintiff's reports of shoulder pain. AR 243-244.

The ALJ referenced Plaintiff's consultative physical examination performed in February 2016. AR 245. During this visit, Plaintiff reported elbow pain and alleged neuropathy with sharp shooting pain from the elbow to the last two digits of the hands, keeping him up at night. *Id.* The ALJ also addressed the doctor's findings of grip strength of 5/5, a positive Tinel's and Phalen's sign, normal hand skills, and the ability to grasp tools such as a hammer. *Id.*

Ultimately, the ALJ concluded that "the medical evidence of record shows less limitation than alleged and indicates [Plaintiff] could work above the SGA level." AR 244. She further stated that medical evidence "supported the allegations of some discomfort and restrictions but not to the degree of limitation of work-related functioning alleged by [Plaintiff]." AR 246. She further found that Plaintiff's impairments respond to treatment, his medication regimen is revised with

5

new or worsened symptoms, and "examinations show adequate physical . . . functioning for [Plaintiff] to work above the SGA level." *Id.*

B.   **The ALJ Properly Considered Plaintiff's Arthralgia and Epicondylitis**

Plaintiff argues that the ALJ erred in formulating the RFC because "if a person is found to have severe impairments, it is error not to have some impact on RFC." Pl.'s Br. 4 (*citing* 20 C.F.R. § 404.1523).[4] He contends the ALJ did not identify where the arthralgia affects his body or what limitations resulted therefrom. Pl.'s Br. 4. Plaintiff also asserts that his epicondylitis is unaccounted for because there are "exactly zero limitations to the arms or use of hands with arms in RFC." Pl.'s Br. 4. Plaintiff's arguments are unavailing.

Plaintiff is incorrect that the RFC did not account for any limitations regarding his arthralgia and epicondylitis—the only two physical impairments the ALJ found to be severe. AR 240. The ALJ discussed Plaintiff's issues relating to his elbows, wrists, knees, and shoulders—major joints which arthralgia could affect. AR 243-246. The ALJ also gave the state agency medical consultants' opinions little weight because in contrast to their opinions, the ALJ found that the evidence showed Plaintiff had some physical limitations. AR 246. Ultimately, the ALJ restricted Plaintiff to light work. AR 242. This limitation placed restrictions on Plaintiff's ability to lift or carry objects, as it "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds"—an amount of weight the regulations consider

---

[4] The regulation cited by Plaintiff does not support this proposition. *See* 20 C.F.R. § 404.1523 (addressing how to consider multiple impairments).

to be "very little." 20 C.F.R. §§ 404.1567, 416.968. Thus, Plaintiff was wrong to assert the ALJ failed to include any limitations relating to his hands or arms.[5]

Plaintiff also asserts the ALJ did not consider the cumulative effect of all of Plaintiff's impairments. Pl.'s Br. 7. While the ALJ stated she considered the "combined effects of all [Plaintiff's] medically determinable impairments," AR 242, Plaintiff contends the ALJ only "baldly asserted" that she did so. Pl.'s Br. 7-8. However, "our general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter." *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007). Plaintiff does not provide any reason to deviate from that standard in this matter.

Finally, Plaintiff asserts it was error to find Plaintiff could perform two jobs—housekeeper/cleaner and laundry sorter—that require frequent reaching and handling. Pl.'s Br. 5. But the ALJ sufficiently considered the evidence and did not find any limitations as to Plaintiff's ability to reach or handle. The RFC need only include such limitations as the medical record substantially supports. *See Kirkpatrick v. Colvin*, 663 F. App'x 646, 650 (10th Cir. 2016) (unpublished) ("Clearly, an ALJ doesn't commit error by omitting limitations not supported by the record"); *Arles v. Astrue*, 438 F. App'x 735, 740 (10th Cir. 2011) (unpublished) (rejecting claimant's argument that a limitation should have been included in his RFC when "such a limitation has no support in the record"). Thus, Plaintiff essentially argues that the Court should reweigh the evidence to

---

[5] Plaintiff also argues that even if there were limitations related to these conditions in the RFC, the ALJ did not sufficiently explain how those limitations were related to the conditions. Pl.'s Br. 4. He contends the ALJ is required to make a statement regarding all severe or non-severe impairments in the RFC. *Id.* at 6. To the extent the ALJ could have been more specific, she did not commit error because where the court "can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Here, ALJ provided a thorough discussion of pertinent records regarding Plaintiff's physical impairments and determined that Plaintiff was limited to light work.

include additional limitations in the RFC. The Court, however, is not permitted to do so. *See Bowman*, 511 F.3d at 1272 (10th Cir. 2008).[6]

## RECOMMENDATION

Finding no error in the ALJ's consideration of the RFC, it is recommended that the Court affirm the Commissioner's decision.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by September 10, 2019. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

---

[6] Plaintiff also asserts the third job, public area attendant, requires contact with the public in conflict with the RFC, which limits Plaintiff to no contact with the public. Pl.'s Br. 5. Even if the ALJ erred with regard to her determination that Plaintiff could do such work, it is harmless. *See Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004) (finding of harmless error is appropriate when the court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way"). Here, the other two positions identified at Step Five had over 425,000 combined jobs available nationally, AR 248, enough to be considered significant. *See Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) (unpublished) (implying that 11,000 nationally available jobs in one occupation was a significant number supporting a finding of nondisability); *see also Lynn v. Colvin*, 637 F. App'x 495, 499 (10th Cir. 2016) (unpublished) (holding 24,900 jobs available throughout the nation was "significant"); *Raymond v. Astrue*, 621 F.3d 1269, 1274, n.2 (10th Cir. 2009) (noting that with regard to a finding of a significant number of jobs "the relevant test is *either* jobs in the regional economy *or* jobs in the national economy").

ENTERED this 27th day of August, 2019.

                                                  BERNARD M. JONES
                                                  UNITED STATES MAGISTRATE JUDGE